```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PABLO E. PELAEZ,                                            :
                                                            :
                         Plaintiff,                         :      **REPORT AND**
                                                            :      **RECOMMENDATION**
               -against-                                    :
                                                            :      12-CV-7796 (WHP) (JLC)
NANCY A. BERRYHILL,[1]                                      :
Acting Commissioner, Social Security                        :
Administration,                                             :
                                                            :
                         Defendant.                         :
------------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable William H. Pauley, United States District Judge:**

Plaintiff Pablo E. Pelaez has moved pursuant to 42 U.S.C. § 406(b) seeking approval of a contingent fee agreement in this social security case. Mot. for Approval, dated Nov. 28, 2017 (Dkt. No. 17). Under the retainer agreement signed by Pelaez and his counsel, his attorney is to be compensated 25% of all past due benefits recovered. Decl. of Christopher J. Bowes in Support of Pl.'s Mot., dated Nov. 28, 2017 (Dkt. No. 18) ("Bowes Decl."), ¶ 11, Ex. A, Retainer Agreement. Through his motion papers, Pelaez seeks a net payment of $15,188.50 for his attorney, which represents 25% of the recovered past due benefits of $87,098 (that is, $21,774.50), adjusted for the $6,586 in fees that had previously been awarded to

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Berryhill is hereby substituted for former Acting Commissioner Michael J. Astrue as the defendant in this action.

1

his attorney under the Equal Access to Justice Act ("EAJA"). *Id.* ¶¶ 15–17; *see also* Stipulation and Order, dated Aug. 13, 2013 (Dkt. No. 16). The Commissioner has not opposed this motion and believes the fees sought are reasonable. Letter from Assistant United States Attorney John E. Gura, dated Dec. 7, 2017 (Dkt. No. 21). The motion has been referred to me for a report and recommendation. Order of Reference, dated Nov. 7, 2012 (Dkt. No. 3); Amended Order of Reference, dated Dec. 1, 2017 (Dkt. No. 20).

The Social Security Act provides that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

Section "406(b) does not displace contingent-fee agreements within the statutory ceiling," but rather "instructs courts to review for reasonableness fees yielded by those agreements." *Cahill v. Colvin*, No. 12-CV-9445 (PAE) (MHD), 2016 WL 4581342 at * 1 (S.D.N.Y. Sept. 2, 2016) (quoting *Gisbrecht v. Barnhart,* 535 U.S. 789, 808–09 (2002)). "[T]he district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Vaupen v. Colvin*, No. 14-CV-6359 (CM) (KNF), 2017 WL 2304015, at *2 (S.D.N.Y. May 8, 2017) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.

1990)), *adopted by*, 2017 WL 2304014 (S.D.N.Y. May 25, 2017). "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Id.* (citing *Wells*, 907 F.2d at 372). Additionally, "[f]ee awards may be made under both . . . the EAJA and § 406(b), but the attorney must give the smaller fee to the client." *Id.* (citing *Gisbrecht*, 535 U.S. at 796).

The factors all weigh in favor of Pelaez's request for approval. First, the contingency fee of 25% does not exceed the statutory limit. Second, there is no evidence in the record that the retainer agreement was the result of fraud or overreach. Finally, based on the Court's review of the record, the fee is not so large that it constitutes a windfall relative to the services provided. Pelaez's attorney, Christopher J. Bowes, submitted a detailed, non-boilerplate, 25-page memorandum of law with extensive factual and legal analysis in support of his motion for judgment on the pleadings. Mem. of Law in Support of Pl.'s Mot., filed April 26, 2013 (Dkt. No. 11). Pelaez received the outcome he sought: following the filing of his motion papers, the Commissioner and Pelaez stipulated to remand to the Social Security Administration for further proceedings. Bowes Decl. ¶12; *see also* Stipulation and Order of Remand, dated July 24, 2013 (Dkt. No. 14). As a result of those proceedings, Pelaez was found to be disabled, and therefore entitled to past due benefits of $87,098. Bowes Decl. ¶¶ 14–15, *see also id.*, Ex. C. Bowes spent a

3

total of 34.3 hours working on Pelaez's case, *id.*, Ex. B, which is a reasonable number of hours given his work on this case.[2]

For the foregoing reasons, the Court recommends granting Pelaez's unopposed motion for approval of the contingency fee arrangement in this case. The Social Security Administration should be directed to approve a fee of $21,774.50, less the $6,586 already paid to Bowes under the EAJA, for a net payment of $15,188.50.

## PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within fourteen (14) days after being served. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable William H. Pauley and the undersigned, United States Courthouse, 500

---

[2] Recognizing that the Supreme Court has rejected the use of the "lodestar" method of calculating attorney's fees under § 406(b), *Gisbrecht*, 535 U.S. at 799–808, the Court nonetheless notes that the contingency fee sought corresponds with an hourly rate of $634.83, which is not inconsistent with awards in the area. *See, e.g.*, *Besignano v. Berryhill*, No. 12-CV-6123 (DLI), 2017 WL 1319817, at *2 (E.D.N.Y. Apr. 6, 2017) (approving award equivalent to $810.74 per hour); *Michaels v. Colvin*, No. 12-CV-9213 (RJS) (GWG), 2016 WL 4126008 at *1 (S.D.N.Y. June 28, 2016) (approving award equivalent to $607.19 per hour), *adopted by*, 2016 WL 4131834 (S.D.N.Y. Aug. 1, 2016); *Genovese v. Colvin*, No. 13-CV-3338 (FB), 2015 WL 4662505, at *2 (E.D.N.Y. Aug. 6, 2015) (approving award equivalent to $696.36 per hour); *Blizzard v. Astrue,* 496 F. Supp. 2d 320, 323–25 (S.D.N.Y. 2007) (approving award equivalent to $705 per hour).

Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Pauley.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

Dated: December 14, 2017
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge